UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HENRY VARNER, | CASE NO. 1:17CV605 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff William Henry Varner ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying his application for disability insurance benefits ("DIB"). ECF Dkt. #1. In his brief on the merits, filed on July 3, 2017, Plaintiff asserts that the ALJ erred by failing to re-contact a physician for clarification of the bases for the opinion that Plaintiff met a listing. ECF Dkt. #13. Defendant filed a response brief on July 31, 2017. ECF Dkt. #14. Plaintiff filed a reply brief on August 14, 2017. ECF Dkt. #15.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for DIB on February 23, 2013, alleging a period of disability beginning January 21, 2013. ECF Dkt. #12 ("Tr.") at 13.[2] The claim was denied initially and upon reconsideration. *Id.* at 73, 87. Plaintiff then requested a hearing before an ALJ, which was held on August 12, 2015. *Id.* at 28. On October 2, 2015, the ALJ issued a decision concluding that Plaintiff was not disabled. *Id.* at 10. Subsequently, the Appeals Council denied Plaintiff's request for review.

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

*Id.* at 1. Accordingly, the decision issued by the ALJ on October 2, 2015, stands as the final decision.

The instant suit was filed by Plaintiff on March 22, 2017. ECF Dkt. #1. Plaintiff filed a brief on the merits on July 3, 2017. ECF Dkt. #13. Defendant filed a response brief on July 31, 2017. ECF Dkt. #14. Plaintiff filed a reply brief on August 14, 2017. ECF Dkt. #15.

**II.     SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION**

On October 2, 2015, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 10. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. *Id.* at 15. Continuing, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 21, 2013, the alleged onset date. *Id.* The ALJ found that Plaintiff had the following severe impairments: diabetes mellitus; essential hypertension; and coronary artery disease. *Id.* Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After consideration of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations: never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance; never crawl; frequently handle and finger with the right hand; and avoid extreme heat and cold. Tr. at 16. The ALJ then determined that Plaintiff was unable to perform any past relevant work, was an individual closely approaching advanced age on the alleged disability onset date, had at least a high school education, and was able to communicate in English. *Id.* at 21. Next, the ALJ stated that transferability of job skills was not material to the determination of disability because the medical-Vocational Rules supported a finding that Plaintiff was not disabled. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the regional and national economy that Plaintiff could perform. *Id.* at 22. For these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 21, 2013, through the date of the decision. *Id.*

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V. LAW AND ANALYSIS

Plaintiff asserts that the ALJ erred by failing to re-contact William Ervine, D.O., for clarification of the bases for his opinion that Plaintiff met a listing. ECF Dkt. #13 at 6. Specifically, Plaintiff states that the ALJ was required to evaluate all evidence that could have a bearing on the disability decision, and that the ALJ can re-contact a treating source for clarification or more evidence, or order a consultative examination, when the evidence is insufficient to determine disability. *Id.* (citing Social Security Ruling ("SSR") 96-5p; 20 C.F.R. § 404.1520b(c)(1), (3)). Plaintiff also avers that "[t]he ALJ's duty to re-contact a treating source is triggered when the evidence does not support the source's opinion and the basis for the opinion cannot be ascertained from the record." *Id.* (citing *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273 (6th Cir. 2010)).

Continuing, Plaintiff states that the ALJ indicated that no acceptable medical source mentioned findings equivalent in severity to the criteria of any listed impairment, but later noted that Dr. Ervine specifically opined that Plaintiff had persistent disorganization of motor function in two extremities. ECF Dkt. #13 at 7 (citing Tr. at 16, 20). Plaintiff then notes that the ALJ did not state what listings were considered, and adds that peripheral neuropathy is evaluated under Listing 11.14 and only requires disorganization of motor function despite prescribed treatment. *Id.* Citing the regulations, Plaintiff states that he must be able to sustain the functions of reaching, pushing,

-4-

pulling, grasping, and fingering to be considered to have effective use of his upper extremities. *Id.* (citing 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00B(2)(c)). Plaintiff asserts that Dr. Ervine opined that he was unable to maintain a regular work pace with his hands due to neuropathy and could not perform activities at a sustained pace. *Id.* (citing Tr. at 630). According to Plaintiff, these opined limitations support a finding that he "had persistent disorganization of motor function in two extremities as required in the Listings." *Id.*

Plaintiff next states that "the ALJ's duty to recontact Dr. Ervine was triggered here." ECF Dkt. #13 at 7. Citing *Ferguson*, Plaintiff states that the first step of the two-step process was met "as the ALJ stated that the opinion was not supported by the evidence." *Id.* (citing 628 F.3d at 271). Plaintiff states that "the second step requires the record to be insufficient to determine the basis of the opinion." *Id.* at 7-8. Continuing, Plaintiff asserts that the record does not indicate the basis of Dr. Ervine's opinion, and that "[t]he ALJ did not state what the basis for Dr. Ervine's opinion was, so it cannot be said that [the ALJ] rejected the opinion for any reason other than there was no evidence to support it." *Id.* at 8. Plaintiff then states:

> There is no way to determine how Dr. Ervine came to the conclusion that Plaintiff had persistent disorganization of motor function in his upper extremities other than his opinion that Plaintiff was unable to maintain a regular work pace with his hands. Therefore, the ALJ should have recontacted Dr. Ervine to determine the basis for his opinion. He also could have ordered a consultative examination to determine if Plaintiff had limited use of his hands and fingers, because she did not do so, there is no evidence to support her finding that Plaintiff did not meet a Listing. [sic]

*Id.*

Next, Plaintiff indicates that the ALJ stated that the state-agency medical consultants did not determine that Plaintiff met a listing, but that the consultants only considered Listing 4.02 and Listing 4.04. ECF Dkt. #13 at 8. Continuing, Plaintiff states that the state-agency medical consultants did not have Dr. Ervine's opinion when their determinations were made and that there "were only two documented complaints of numbness and tingling in the record before the state agency medical consultants made their determination." For this reason, according to Plaintiff, the state-agency medical consultants "did not have all the evidence and their opinion cannot be used to support the ALJ's finding that Plaintiff does not meet any Listing." *Id.* at 9.

Defendant contends that substantial evidence supports the ALJ's determination that Plaintiff did not meet or equal a listing. ECF Dkt. #14 at 6. Specifically, Defendant states that Listing 11.14 requires that a claimant show significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station. *Id.* at 7. Defendant asserts that, contrary to Plaintiff's contention, the medical evidence of record did not establish that his alleged diabetic neuropathy met or equaled Listing 11.14. *Id.* Continuing, Defendant states that although Dr. Ervine noted that Plaintiff's diabetes cause neuropathy resulting in sustained disturbance of gross motor and dexterous movements or gait and station, the ALJ assigned the opinion little weight since it was inconsistent with Dr. Ervine's treatment notes and did not indicate that Plaintiff had an impaired gait or an inability to use his upper extremities. *Id.* (citing Tr. at 20, 532-34, 586-89, 593-96, 598-600).

Regarding Plaintiff's claim that the ALJ had an obligation to re-contact Dr. Ervine, Defendant states that the ALJ did not have a heightened duty to develop the record since Plaintiff was represented by counsel, and that it was Plaintiff's burden to produce evidence establishing his disability. ECF Dkt. #14 at 8 (citing *Watters v. Comm'r of Soc. Sec.*, 530 F. App'x 419, 425 (6th Cir. 2013); 20 C.F.R. § 404.1512(a)). Defendant notes that prior to the ALJ's decision, Plaintiff never asserted that the record lacked substantial medical evidence for evaluation under the specified listings, and that Plaintiff did not argue that his diabetic condition resulted in a listing-level impairment. *Id.* at 9. Further, Defendant states that the record did not contain objective medical findings corroborating Plaintiff's complaints of numbness, other than some monofilament testing showing some reduced sensation in the feet, and failed to document a significant or persistent level of motor dysfunction. *Id.* Defendant also notes that Plaintiff's failure to attend scheduled appointments with his treating endocrinologist between March 2013 and January 2014 supports that ALJ's determination that Plaintiff's diabetic condition did not reach listing-level severity. *Id.*

Plaintiff's arguments are without merit. In his brief on the merits, Plaintiff first asserts that Dr. Ervine's opinion supported a finding that he met or medically equaled a listed impairment. *See* ECF Dkt. #13 at 16-17. Despite making this argument, Plaintiff does not attempt to show that Dr.

-6-

Ervine's opinion was supported by medical or opinion evidence beyond merely restating findings made by Dr. Ervine in his opinion.³ *See id.* In the decision, the ALJ stated, in relevant part:

> As for the opinion evidence, the undersigned has considered the opinion provided by Dr. William Ervin. The undersigned gives Dr. Ervin's opinion little weight. While Dr. Ervin is the claimant's treating physician, his opinion regarding a claimant's limitations is inconsistent with his own treatment notes and the record as a whole, therefore it is not entitled to controlling weight. Dr. Ervin opined that the claimant's neuropathy resulted in significant and persistent disorganization of motor function in two of the claimant's extremities. However, his treatment notes show no indication that the claimant's gait was impaired or he was unable to use his upper extremities. While monofilament testing of the claimant's feet showed diminished sensation in his feet, as late as May 2015, the physical exam of the claimant's feet showed no abnormalities and there is no indication from Dr. Ervin's treatment notes that the loss of sensation in his feet had affected the claimant's ability to walk. In addition, the exams performed by Dr. Burgan, the claimant's endocrinologist, showed no loss of sensation in his extremities or gait abnormalities. [sic]

Tr. at 20. The ALJ explained that Dr. Ervine's opinion was inconsistent with his treatment notes and the record as a whole, and provided examples of the inconsistencies. *See id.* Plaintiff offers no argument as to how the ALJ's decision lacked the support of substantial evidence. *See* ECF Dkt. #13 at 8-9. Accordingly, the ALJ's assignment of little weight to Dr. Ervine's opinion is supported by substantial evidence.

Next, Plaintiff claims that "the ALJ's duty to re-contact Dr. Ervine was triggered here." ECF Dkt. #13 at 7 (citing *Ferguson,* 628 F.3d at 271). As an initial matter, Plaintiff was represented by counsel at the hearing and the ALJ did not have a heightened duty to develop the record, and it was Plaintiff's burden to produce evidence establishing his disability. *Watters v. Comm'r of Soc. Sec.*, 530 F. App'x 419, 425 (6th Cir. 2013); 20 C.F.R. § 404.1512(a)). In *Ferguson*, the Sixth Circuit explained that SSR 96-5p states that the duty to re-contact a treating source is triggered when: (1) the evidence does not support a treating source's opinion; and (2) the adjudicator cannot ascertain the basis of the opinion from the record. 628 F.3d 269 at 272-73. *Ferguson* does not support Plaintiff's argument. In *Ferguson*, the Sixth Circuit held that while the first condition was arguably

---

³Plaintiff filed the instant case on March 22, 2017. ECF Dkt. #1. The Social Security Administration regulations made effective on March 27, 2017, eliminated the treating physician rule. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Plaintiff does not claim that the ALJ violated the treating physician rule and, even if Plaintiff made such a claim, the ALJ cited "good reasons" when assigning little weight to Dr. Ervine's opinion. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); SSR 96-2p.

met, the second condition was not met because the treating source's opinion "was deemed unpersuasive not because the bases were unclear, but because they were not corroborated by the objective medical evidence." *Id.* at 274 (*see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 156 n. 3 (6th Cir. 2009) ("[A]n ALJ is required to re-contact a treating physician only when the information received is inadequate to reach a determination on claimant's disability status, not where, as here, the ALJ rejects the limitations recommended by the physician")). In the instant case, as in *Ferguson*, the ALJ assigned less weight to Dr. Ervine's opinion because it was "inconsistent with his own treatments notes and the record as a whole." Tr. at 20. It is not the case that the ALJ was unable to ascertain the basis of Dr Ervine's opinion. Rather, the ALJ determined that the limitations contained in Dr. Ervine's opinion should be rejected since they were inconsistent with the evidence of record. *See* Tr. at 20. For this reason, the ALJ was not required to re-contact Dr. Ervine.

Finally, Plaintiff asserts that the state-agency medical consultants "did not have all the evidence and their opinion cannot be used to support the ALJ's finding that Plaintiff does not meet any Listing." ECF Dkt. #13 at 9. Plaintiff cites no legal support for the proposition that the ALJ could not consider the opinions of the state-agency medical consultants due to the fact the opinions were submitted prior to the creation of all the medical evidence of record. The opinions of the state-agency medical consultants were relevant for the ALJ's consideration as they were issued after the alleged disability onset date and Plaintiff offers no explanation as to why the ALJ was barred from considering the opinions. *See* Tr. at 66-87; ECF Dkt. #13 at 8-9. For these reasons, the undersigned finds that the ALJ's decision was supported by substantial evidence and that no error requiring remand exists in this case.

## **VI.** **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: July 30, 2018    */s/George J. Limbert*
                                                     GEORGE J. LIMBERT
                                                    UNITED STATES MAGISTRATE JUDGE